IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK YOUNG                                                    PLAINTIFF

vs.                                     Civil No. 1:08-cv-01056

MICHAEL J. ASTRUE                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mark Young ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his applications for disability on May 21, 2004. (Tr. 13, 82-86, 247-250). Plaintiff alleged he was disabled due to problems with his back, arms, legs, and neck. (Tr. 362-368, 370-371). Plaintiff also alleged he was disabled due to mental health problems. (Tr. 368, 371). Plaintiff alleged an onset date of March 13, 2003. (Tr. 13, 82, 248). Plaintiff's applications

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

were initially denied on December 14, 2004 and were denied again upon reconsideration on February 22, 2005. (Tr. 58-61). On March 15, 2005, Plaintiff requested an administrative hearing on his applications. (Tr. 71). This hearing was held on November 1, 2005 in Little Rock, Arkansas. (Tr. 327-353). Thereafter, on August 24, 2006, the ALJ entered unfavorable hearing decision. (Tr. 13). Plaintiff then requested review of that hearing decision, and the Appeals Council granted that request. *See id.* On December 14, 2007, the Appeals Council vacated the August 24, 2006 hearing decision and remanded the case for further consideration consistent with its order. *See id.*

On February 14, 2008, the ALJ held a second administrative hearing. (Tr. 354-387). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Millard Sales testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had received his high school diploma. (Tr. 357-358).

On May 21, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 13-28). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2008. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 13, 2003, his alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: neck injury, shoulder pain, disorder of the back, osteoarthritis, mood disorder, and borderline intellectual functioning. (Tr. 16, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-26, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not entirely credible. (Tr. 18-26). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, he could lift-carry and push-pull up to 20 pounds occasionally and 10 pounds frequently, with the ability sit 6 to 8 hours in an 8-hour workday and the ability to stand and/or walk 6 hours in an 8-hour workday (1-2 hours in a continuous period). He can occasionally climb, crouch, kneel, stoop, crawl and/or reach. The claimant would also experience mild to moderate pain symptoms with use of over the counter or prescription medications.
>
> Accordingly, based on psychologically based symptoms, the claimant would require work that is simple and unskilled or low semi-skilled in nature, where he can understand, carry out and remember concrete instructions, and in which contact with supervisors, co-workers and the public is superficial. Thus, the claimant would have the ability to briefly meet-greet others, make change, and give simple instructions or directions.

*See id.*

The ALJ then determined Plaintiff would be unable to perform his Past Relevant Work ("PRW"). (Tr. 26, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 354-387). Specifically, the VE testified that Plaintiff's PRW included work as a landscaper, factory laborer, and shipping and receiving clerk. (Tr. 26, 382-383). Based upon this testimony and considering his RFC, the ALJ determined that Plaintiff would be unable to perform this PRW. (Tr. 26, Finding 6).

However, the VE also testified that a hypothetical person with Plaintiff's RFC, age, work

experience, and education would be able to perform work as a entry-level light cleaner with approximately 3,700 such jobs in the state of Arkansas, approximately 900 such jobs in the Shreveport area, approximately 3,600 such jobs in the Ft. Worth area, and approximately 400,000 such jobs in the nation. (Tr. 27, Finding 10). The VE also testified that another representative occupation Plaintiff could perform would be as a simple hand packager with approximately 4,700 such jobs in the state of Arkansas, approximately 3,300 such jobs in the Memphis area, approximately 330 such jobs in the Shreveport area, approximately 7,700 such jobs in the Ft Worth area, and approximately 470,000 such jobs in the nation. *See id.*

Based upon this testimony and in light of the Medical-Vocation Guidelines ("Grids"), the ALJ determined there were other jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 27, Finding 10). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, from March 13, 2003 through the date of his decision or through May 21, 2008. (Tr. 27, Finding 11).

On May 27, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On May 21, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 10-12). On July 16, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on July 23, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ performed an improper *Polaski* evaluation; (B) the ALJ improperly weighed the testimony of Dr. Long and Dr. Butler; (C) the ALJ improperly weighed the testimony of Dr. Vora, Plaintiff's consulting neurologist; and (D) the ALJ improperly applied the Grids to this disability determination. (Doc. No. 6, Pages 4-17). In response, Defendant argues that the ALJ properly evaluated Plaintiff's subjective complaints of pain and discomfort and discounted them for legally-sufficient reasons, and the ALJ properly examined the medical evidence. (Doc. No. 7, Pages 5-15). Defendant also argues that proper VE testimony provides substantial evidence to support the ALJ"s determination that Plaintiff was capable of performing a significant number of jobs in the national economy. *See id.* at 15-18. The Court will address each of these issues.

  **A.**  **Credibility Evaluation**

Plaintiff argues that the ALJ improperly evaluated his subjective complaints of pain and discomfort. (Doc. No. 6, Pages 5-11). Specifically, he argues that his daily activities, his medical

records from his car accident in 2003, and his medical records from Dr. Vora support his subjective complaints. *See id.* Plaintiff also argues that, when evaluating his medications, the ALJ should have considered that he was financially unable to afford his medication and, instead, was forced to "borrow" medication from his family. *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ's analysis of Plaintiff's subjective complaints satisfies the requirements of *Polaski*. In his opinion, the ALJ outlined the requirements of *Polaski,* analyzed several of those factors, and noted the following inconsistencies in the record: (1) despite his alleged disability due to back pain, Plaintiff reported on February 13, 2004 that he was able to perform heavy lifting at work; (2) despite his allegation that he was disabled at the administrative hearing on February 14, 2008 and had not worked since March 13, 2003, his medical records dated February 28, 2008 reflect that he had recently been operating an auto detailing business on a cash basis; (3) despite his allegation that he was disabled due to mental health problems, a report from Dr. Peckham indicated that Plaintiff exaggerated those symptoms; and (4) despite his complaints of a disability, it appears from the record that Plaintiff failed to seek follow-up treatment.[3] (Tr. 24). Based upon these inconsistencies and the ALJ's evaluation of the *Polaski* factors, this Court finds the ALJ's

---

[3] Despite Plaintiff's claims to the contrary, his bare allegation that he was unable to afford follow-up treatment does not excuse his failure to seek that treatment. *See Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992) (holding that the claimant's failure to seek additional treatment was not excused because the claimant provided no evidence that she sought to obtain any low-cost medical treatment or had been denied medical care because of her financial condition). Plaintiff has presented no evidence establishing he sought to obtain any low-cost medical treatment or had been denied medical care because of his financial condition. Therefore, Plaintiff's failure to seek follow-up treatment, his inability to afford medication, and the fact that he was forced to "borrow" medication should not be excused. *See id.*

credibility determination is entitled to deference.[4] *See Lowe,* 226 F.3d at 971-72.

### B. Opinions of Dr. Long and Dr. Butler

Plaintiff claims the ALJ erred by affording significant weight to the opinions of Dr. Long, a neurologist, and Dr. Butler, a chiropractor. (Doc. No. 6, Pages 9-11). Plaintiff claims the ALJ erred by finding Dr. Long was a "treating physician" when he only treated Plaintiff from April 1, 2003 until July 8, 2003. *See id.* Plaintiff also claims the ALJ erred by finding Dr. Butler's opinion was entitled to "significant weight" when Dr. Butler was only a chiropractor. *See id.* In response, Defendant argues that Plaintiff's other medical records support the ALJ's evaluation of Dr. Long's and Dr. Butler's opinions and that the ALJ properly assigned significant weight to those opinions. (Doc. No. 7, Pages 8-12).

First, Plaintiff disputes Dr. Long's status as his treating physician. (Doc. No. 6, Pages 9-11). However, considering the timing of his treatment, the fact that he treated Plaintiff for his injuries *shortly after the car accident that is the claimed basis of Plaintiff's disability*, and the fact that Dr. Long's continued treatment of Plaintiff after he performed a consultative evaluation of Plaintiff, Dr. Long should be considered a treating physician. *See* 20 C.F.R. §§ 404.1527(d)(2)(I), 416.927(d)(2)(I). *See also Tate v. Shalala,* 19 F.3d 1437, at *1 (8th Cir. 1994) (unpublished) (relying on the opinion of a treating physician who examined the claimant only four times in a year to show the claimant's objective complaints were inconsistent with medical evidence). Therefore,

---

[4] Additionally, based upon this Court's review of Plaintiff's subjective complaints, it appears that these complaints are not entirely credible. Plaintiff himself indicated that he was delinquent on his child support and that he was motivated to seek to disability in order to avoid being put in jail for that delinquency. (Tr. 375-376). The substance of the testimony is as follows: "Q: Anything else you want to tell us or— A: Yes, sir, I would like to talk for myself. Like I said, I have been depressed. I have kids and all, my child support and everything, that they're going to put me in jail and everything, you know, so if I go to court, I have a note to the judge from my lawyer here and Doctor Long, he's been working with me, so that's the only thing I can tell you. Q: Kept you out of jail the fact that you've got a Social Security claim pending? A: Yes, sir, that's the only thing that's keeping me out of jail right now." (Tr. 375-376).

9

the ALJ did not err by giving significant or controlling weight to Dr. Long's opinion regarding Plaintiff's disability.

Second, Plaintiff disputes the ALJ's reliance on the opinion of Dr. Butler, a chiropractor. (Doc. No. 6, Pages 9-11). However, as noted in his opinion, the ALJ did not rely entirely upon the opinion of Dr. Butler but, instead, relied upon his opinion in conjunction with other medical evidence in the record. (Tr. 25). Furthermore, although Dr. Butler is not an "acceptable source" for establishing a disability, Dr. Butler is another medical source whose opinions may be used to demonstrate the impact Plaintiff's impairment has on his ability to work. *See* 20 C.F.R. § 404.1513(d). Thus, the ALJ did not err in relying upon the opinion of Dr. Butler.

### C.   Opinion of Dr. Vora

Plaintiff claims the ALJ erred by affording little weight to the opinion of Dr. Vora, a consulting neurologist. (Doc. No. 6, Pages 11-13). Plaintiff claims Dr. Vora's opinion is entitled to great weight because he was a specialist selected by the SSA. *See id.* Plaintiff also argues that his opinion is entitled to great weight because his report is more current than the reports of Dr. Long and Dr. Butler. *See id.* In response, Defendant argues that the ALJ properly found Dr. Vora's opinion was entitled to little weight. (Doc. No. 7, Pages 10-11). Specifically, Defendant argues that Dr. Vora's opinion should not be adopted because his opinion is on an issue reserved for the SSA. *See id.* Defendant also argues that Dr. Vora's opinion should not be adopted because it is inconsistent with the other evidence in the record. *See id.*

After reviewing Dr. Vora's report, this Court finds the ALJ assigned proper weight to his opinions for three reasons. First, Dr. Vora was a one-time examining physician and, as such, his opinion is not entitled to substantial or controlling weight. *See* 20 C.F.R. § 404.1527(d)(2). This is especially true where, as here, his opinion that Plaintiff was unable to even perform *sedentary*

*work* is inconsistent with the findings of his treating physician, Dr. Long. *See id.* Indeed, Dr. Long found Plaintiff was released to work at "full duty" with no stated limitations. (Tr. 138).

Second, Dr. Vora's opinion regarding Plaintiff's inability to work is an opinion on a legal issue reserved for the SSA. *See* 20 C.F.R. § 404.1527(e)(1) (stating that "[w]e [the SSA] are responsible for making the determination or decision about whether you meet the statutory definition of disability"). Therefore, this opinion is not binding on the SSA or on this Court.

Third, Dr. Vora's opinion was inconsistent with his own notes from the consultative examination. In those notes, Dr. Vora found Plaintiff's limitations were not so extreme that Plaintiff should be found to be *unable* to work. (Tr. 226-228). Notably, Dr. Vora found Plaintiff had upper extremity strength of 4/5 and lower extremity strength of 5/5. (Tr. 227). Dr. Vora found Plaintiff's gait and station were normal. (Tr. 227). Dr. Vora also found as a part of his examination of Plaintiff's back pain that Plaintiff's bilateral straight leg raising test was negative. (Tr. 227). All of these findings do not support Dr. Vora's determination that Plaintiff could not even perform sedentary work. Accordingly, based upon these three findings, this Court holds that the ALJ did not err in assigning little weight to the opinions of Dr. Vora.

      **D.**    **Application of the Grids**

Plaintiff claims the ALJ erred by relying upon the Grids in determining Plaintiff was not disabled. (Doc. No. 6, Pages 13-15). Plaintiff also argues that is unclear whether the ALJ relied upon the Grids or upon the testimony of the VE. *See id.* However, it is evident from the ALJ's opinion that he relied upon the testimony of the VE in finding Plaintiff was not disabled: "Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been capable of

making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 27).  Accordingly, this Court finds this third claim is meritless.

Under this heading, Plaintiff also appears to argue that he meets the requirements of Listing 12.05(C) or 12.05(D).  (Doc. No. 6, Pages 13-15).  Both of these listings are for severe mental disorders.  However, Plaintiff has offered no evidence that his mental impairments rise to this level.  Therefore, Plaintiff has provided no evidence to support his claim that this case should be remanded for IQ testing.  *See also Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of August, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE